IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASTON VAN ELDER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2213-N |
| | § | |
| WELLS FARGO BANK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Wells Fargo Bank ("Wells Fargo") and PHH Mortgage's (collectively "Defendants") motion for summary judgment [6]. Because Plaintiff Haston Van Elder has not provided evidence to defeat summary judgment, the Court grants the motion.

### I. ORIGINS OF THE MOTION

This case arises out of an anticipated foreclosure sale of Van Elder's house (the "Property"). Van Elder financed his purchase of the Property in 2007 with a Texas Home Equity Note secured by a Texas Home Equity Security Instrument. Def.'s App. 6–32. The current owner and holder of the note is Wells Fargo. *Id*. at 1–5.

Van Elder and PHH entered a COVID forbearance agreement (the "Agreement") in 2020. *See id*. 46–67. The Agreement, effective June 30, 2020, deferred three monthly payments and the past due payments until September 1, 2020. *Id*. The Agreement also specifically stated that the deferred payments were due on September 1, 2020. *Id*. Van

MEMORANDUM OPINION & ORDER – PAGE 1

Elder requested five extensions of the Agreement, and PHH granted each one. *Id*. The final amendment required Van Elder pay "forborne" payments by "02/01/2023."

Plaintiff subsequently defaulted on the terms of his home mortgage loan, and PHH filed a state-court action seeking foreclosure. Def.'s Br. ¶ 8. On August 26, 2024, before the foreclosure sale occurred, Van Elder filed this action in state court. His petition asserts five causes of action: (1) Texas Deceptive Trade Practices Act ("DTPA") , (2) wrongful foreclosure under a breach of contract, (3) fraud, and (4) negligent misrepresentation. *See generally* Pl.'s Pet. [1 A-2]. Defendants, after removing the case to this Court, now move for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary

MEMORANDUM OPINION & ORDER – PAGE 2

judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Though Van Elder has not responded to Defendants' motion, summary judgment cannot be granted "merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The moving party still must meet its initial burden of informing the Court of the basis for its belief that there is no genuine issue of fact for trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), or that "there is an absence of evidence necessary to prove a specific element of the case." *Thomas v. Barton Lodge II, Ltd.*, 17 F.3d 636, 644 (5th Cir. 1999) (citing *id.* at 322–23). A party bringing a no-evidence motion must go beyond "mere conclusory statement[s]" to satisfy its burden under *Celotex. Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017).

### III. THE COURT GRANTS SUMMARY JUDGMENT

### A. Van Elder Does Not Provide Summary Judgment Evidence of a DTPA Violation

Van Elder is not a consumer under DTPA and therefore does not have a valid claim under the statute. To pursue a claim under DTPA, a plaintiff must be a "consumer" as DTPA defines it. *See, e.g.*, *Marquez v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 3714623, at *5–6 (N.D. Tex. 2011); *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *3–4 (N.D. Tex.

MEMORANDUM OPINION & ORDER – PAGE 3

2011).  The question of whether one is a consumer under DTPA is a question of law for the court to decide.  *E.g.*, *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App. — San Antonio 2002, pet. denied); *Mendoza*, 932 S.W.2d at 608.

The TDCA defines a consumer as "an individual with a 'consumer debt.'"  TEX. FIN. CODE § 392.001(1).  "[C]onsumer debt" means "an obligation, or an alleged obligation, primarily for personal, family, or household purposes."  *Id*. § 392.001(2). Accordingly, a person who buys a home or property may be a consumer under the DTPA because that home or property qualifies as a "good."  *See, e.g.*, *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566–67 (Tex. 1984); *Broyles*, 2011 WL 1428904, at *4 (citing *La Sara Grain*, 673 S.W.2d at 567 and *Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 914, 929 (Tex. App. —  Austin 1996, no pet.)).

But the property, and not the security instrument, must form the basis of the complaint — that is, "where, as in this case, . . . the servicing or administration of the loan is merely incidental to a plaintiff's prior objective to purchase a residence, such events do not bestow consumer status upon the plaintiff for purposes of the DTPA."  *Woods v. Bank of Am., N.A.*, 2012 WL 1344343, at *7 (N.D. Tex. 2012); *see also, e.g.*, *Manno v. BAC Home Loans Servicing, LP*, 2011 WL 3844900, at *5 (W.D. Tex. 2011) ("[A]t the time of the acts of which he complains, [plaintiff] already owned the house subject to the Bank's mortgage interest.  As a matter of law, [plaintiff's] real property is not the basis of his complaint.  Thus, [plaintiff] does not qualify as a 'consumer' under DTPA and does not have standing to bring a DTPA claim.").

MEMORANDUM OPINION & ORDER – PAGE 4

Here, Van Elder obtained a loan to purchase a home, therefore he could be a consumer under DTPA. Pl.'s Compl. ¶¶ 11-12. However, Van Elder's claims stem from the security instrument he signed, not the home itself. Thus, he lacks standing as a consumer under DTPA. Accordingly, Defendants are entitled to summary judgment on Van Elder's TDCA claim.

### B. Van Elder Does Not Have Summary Judgment Evidence of Wrongful Foreclosure

The Court grants summary judgment in favor of Defendants on Van elder's wrongful foreclosure because Defendants never foreclosed on the Property. For a wrongful foreclosure claim to exist, there must first be a foreclosure sale. *See Allied Cap. Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App. — Corpus Christi 2002, no pet.) ("[O]ne of the elements of wrongful foreclosure is an irregularity in the sale . . . . Because there has been no foreclosure in this case, appellees' argument . . . involving wrongful foreclosure is misplaced."); *see also Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 546 (Tex. Civ. App. — Beaumont 1977, no writ) (holding that Texas law does not recognize a cause of action for "attempted wrongful foreclosure").

Here, by Van Elder's own admissions, Defendants never foreclosed on the Property. *See* Pl.'s Pet. ¶ 15 ("[Defendants'] action [to foreclose] must now be stayed and dismissed due to the filing of this suit) [A-2]; *see also* Def.'s Br. 5–6. Accordingly, as a matter of law, Van Elder cannot sustain a claim for wrongful foreclosure against Defendants. The Court grants summary judgment in Defendants' favor on that claim.

### C. Van Elder Does Not Have Summary Judgment Evidence of Fraud

The statute of frauds bars Van Elder's breach of contract claim. It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, as well as modifications of those agreements. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *see also* TEX. BUS. & COMM. CODE § 26.02.

Van Elder claims Defendants stated that "as a result of the the [sic] CARES Act, [he] did not have pay [sic] the mortgage due" and that "the amount due would be added at the end of the loan." Pl.'s Pet. ¶ 13. However, Van Elder has not produced evidence of that modification in writing.

Defendants provide the "Temporary Hardship Forbearance Plan Agreement," stating that the "payments deferred under this Plan will become due on 09/01/2020." Def.'s App. 47. A subsequent writing states that "[p]ayments forborne under the Plan will remain outstanding on 02/01/2023." *Id*. at 65. Neither of these indicate that the amounts due were due at the end of the loan as Van Elder claims. Thus, the statute of frauds bars Van Elder's breach of contract claim. Even if the Court views all the evidence in favor of Van Elder, Van Elder has not produced evidence sufficient to defeat summary judgment. Accordingly, summary judgment is appropriate.

### D. Van Elder Does Not Have Summary Judgment Evidence of Negligent Misrepresentation

Van Elder cannot sustain a claim for negligence because the statute of frauds and the economic loss rule bars his recovery in tort.

MEMORANDUM OPINION & ORDER – PAGE 6

First, the statute of frauds bars Van Elder's claim for negligent misrepresentation. "Generally, under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 584 (N.D. Tex. 2013); *see Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001)). As explained above, Van Elder has not produced the terms he claims he and Defendants agreed to in writing.

Second, the economic loss rule bars Van Elder's negligent misrepresentation claim as a matter of law because the alleged fraud and negligent misrepresentation are based on the loan and the Agreement — written contracts. In Texas, the "economic loss rule" precludes tort recovery when a plaintiff's only injury or loss stems from the subject matter of a contract between the parties. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). The rule applies to real estate transactions. *Wilkerson v. Citimortgage, Inc.*, 2011 WL 6937382, at *6 (N.D. Tex. 2011) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)), *R. & R. accepted by* 2012 WL 11039 (N.D. Tex. 2012).

To determine whether the rule precludes recovery on a tort theory, courts look to the nature of a plaintiff's loss. *Sw. Bell*, 809 S.W.2d at 494; *see, e.g.*, *Wilkerson*, 2011 WL 6937382, at *6 (*citing Sterling Chems., Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796–98 (Tex. App. — Houston [1st Dist.] 2007, pet. denied)). If a plaintiff can establish that he suffered injuries independent of his economic loss under the contract, he may bring a tort claim. *Wilkerson*, 2011 WL 6937382, at *6; *see Sw. Bell*, 809 S.W.2d at 494.

MEMORANDUM OPINION & ORDER – PAGE 7

In his Complaint, Van Elder alleges he has suffered $70,000.00 "related to a potential sale of the property" and that, he has "sustained damages" because Defendants "supplied false information."  Pl.'s Pet. ¶¶ 28, 34.  Van Elder does not state any economic losses outside of those under the contract.  Thus, the economic loss rule bars Van Elder's negligent misrepresentation claim.

### CONCLUSION

Defendants have carried their burden as the movants for summary judgment by asserting that Van Elder lacks evidence to support specific elements of each of his claims. Because Van Elder has not raised a genuine issue of material fact, the Court grants summary judgment to Defendants on these claims.

Signed May 27, 2026.

David C. Godbey
Senior United States District Judge